UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RANDY Q. IRELAND, JENNIFER IRELAND, )
and AMANDA IRELAND, )
)
        Plaintiffs, )
)
    v. ) No. 4:06-CV-612-CEJ
)
ST. CHARLES COUNTY, et al., )
)
        Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the motions of Randy Q. Ireland and Amanda Ireland for leave to commence this action without payment of the required filing fee [Doc. #2 and Doc. #1].[1] Upon consideration of the financial information provided with the motions, the Court finds that Randy Q. Ireland and Amanda Ireland are financially unable to pay any portion of the filing fee.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

---

[1] The Court notes that although Jennifer Ireland is named as a plaintiff in this action, she has not paid the filing fee, nor has she submitted a motion to proceed in forma pauperis and CJA Form 23. As such, and because the claims relative to Jennifer Ireland are barred by the statute of limitations, the Court will strike her as a party-plaintiff to this action.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs seek monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983.  The named defendants are St. Charles County, St. Charles County Administrator, St. Charles County Director of Administration, Unknown Baulters, Steve Case, James Hudson, Patrick Riley, John Johnson, James Neer, Thurman Ireland, Velma Ireland, James Case, and Gladys Case.

Having carefully reviewed the complaint, the Court concludes that all claims relative to plaintiff Amanda Ireland are

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

barred by Missouri's five-year statute of limitations, given that they allegedly took place in the 1990's, and the instant complaint was filed on April 11, 2006.  See Lohman v. Kempker, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to § 1983 action).[2]

Similarly, the statute of limitations bars plaintiff Randy Q. Ireland's claims that in 1999 defendants "drove [him] to attempt to take his own life," unlawfully evicted him, falsely arrested his wife, forged social security checks, trespassed, harassed him, and defrauded him of his land, income, property, and investments.  His claim that defendants violated his right to a speedy trial is legally frivolous, because he states that he was held in the St. Charles County Jail for twenty-four days "at which time the criminal charges were dismissed."

The remaining two claims concern plaintiff Randy Q. Ireland's allegations of false arrest on July 1, 2004, and malicious prosecution.  Although plaintiff may be able to assert a constitutional claim for false arrest and malicious prosecution that survives review under 28 U.S.C. § 1915(e)(2)(B), he has failed to set forth as to each named defendant the specific factual

---

[2]In determining the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims.  Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985).  In Missouri, the applicable limitations period for general personal injury claims is five years.  Mo. Rev. Stat. § 516.120(4) (2000).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

allegations supporting his two claims. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also, Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Moreover, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff Randy Q. Ireland is required, to the best of his ability, to set out in a simple,

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

concise, and direct manner, not only his false arrest and malicious prosecution claims, but also the facts supporting these claims as to each named defendant.  Because plaintiff has failed to do so, the Court is unable to determine if these two claims are legally frivolous or fail to state a claim.

Taking into consideration the fact that plaintiff Randy Q. Ireland is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint relative to his July 1, 2004 false arrest and malicious prosecution claims.  The amended complaint shall be typed or legibly hand-written on the court-provided form for filing a civil complaint, in accordance with the instructions set forth below.  Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.  Plaintiff Randy Q. Ireland is advised that his amended complaint shall address only his July 1, 2004 false arrest and malicious prosecution claims, and that his amended complaint will supersede his original complaint [Doc. #5] and will be the only complaint this Court reviews.  Thus, plaintiff must include in the "Caption" of the amended complaint all the defendants he wishes to sue for his alleged false arrest on July 1, 2004, and malicious prosecution; and in the "Statement of Claim," he must set out specific facts relative to these two claims against each named defendant in a simple, concise, and direct manner.  Plaintiff Randy Q. Ireland risks dismissal of the instant action if he fails to comply with this Court's instructions.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis [Doc. #1 and Doc. #2] are **GRANTED.**

**IT IS FURTHER ORDERED** that, at this time, the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that all of plaintiff Amanda Ireland's 42 U.S.C. § 1983 claims, as well as Randy Q. Ireland's § 1983 claims regarding attempted suicide, unlawful eviction, the false arrest of his wife, forged social security checks, trespass, harassment, and fraud are **DISMISSED**, because they are time-barred by Missouri's five-year statute of limitations.

**IT IS FURTHER ORDERED** that plaintiff Randy Q. Ireland's speedy trial claim is **DISMISSED,** because it is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to the two remaining claims for false arrest on July 1, 2004, and malicious prosecution, plaintiff Randy Q. Ireland shall file, not later than August 21, 2006, an amended complaint concerning only these two causes of action. In the amended complaint, plaintiff shall complete the court-provided form for filing a civil complaint.[3] Specifically, in the "Caption" of the form complaint, plaintiff shall set forth

---

[3] The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the name of each defendant he wishes to sue relative to his false arrest on July 1, 2004, and malicious prosecution claims; and in the "Statement of Claim," he shall set forth as to each named defendant the specific factual allegations supporting his false arrest and malicious prosecution claims against the particular defendant. If plaintiff needs additional space to list all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint and clearly identify them as part of his Caption or Statement of Claim.

**IT IS FURTHER ORDERED** that, in addition to the names of all defendants plaintiff wishes to sue, plaintiff shall provide the Court with each defendant's current address.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff Randy Q. Ireland the court-provided form for filing a civil complaint.

**IT IS FURTHER ORDERED** that plaintiff Randy Q. Ireland's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff Amanda Ireland's motion for appointment of counsel [Doc. #7] is **DENIED** as moot.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Clerk shall docket this action as <u>Randy Q. Ireland and Amanda Ireland v. St. Charles County, St. Charles County Administrator, St. Charles County Director of Administration, Unknown Baulters, Steve Case, James Hudson, Patrick Riley, John Johnson, James Neer, Thurman Ireland, Velma Ireland, James Case, and Gladys Case</u>.

An appropriate order relative to the party-plaintiffs shall accompany this order and memorandum.

Dated this 20th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com